IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
THOMAS LEE HORTON, III,      )
                             )
      Plaintiff,             )
                             )        CIVIL ACTION NO.
      v.                     )          2:22cv522-MHT
                             )             (WO)
SHIRLEY CUNNINGHAM,          )
et al.,                      )
                             )
      Defendants.            )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff filed this lawsuit while he was a state prisoner. The complaint and amended complaint were very difficult to understand. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed for failure to state a claim upon which relief can be granted. Plaintiff did not submit any objections to the recommendation.

It has come to the court's attention that plaintiff is no longer in the custody of the Department of

Corrections.  The magistrate judge entered an order at the beginning of the case notifying plaintiff that he "must immediately inform the Court and Defendants, or Defendants' counsel, of any change in his address; that is, if Plaintiff is transferred to a new correctional institution or released from confinement he must, at the time his address actually changes, file a notice of the change in his address." Order (Doc. 3) at 3.  The order further warned that "[f]ailure to provide a correct address to the Court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.  It has now been more than ten days since plaintiff's change in address, and he has not notified the court of his new address.  It has long been established that a court has the authority to impose sanctions for failure to prosecute or obey an order, a rule which is reflected in Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b).  *See also Moon v. Newsome*, 863

F.2d 835, 837 (11th Cir. 1989) (explaining that generally, when a litigant has been given advance warning, dismissal for failing to comply with a court order is not an abuse of discretion). Accordingly, in lieu of adopting the recommendation of the magistrate judge, the court will dismiss this case for failure to follow a court order.

An appropriate judgment will be entered.

DONE, this the 27th day of December, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE